UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BONITA BUXTON, by herself and through her natural mother, CARMEN BUXTON, | ) ) ) ) | CIV. 09-5057-JLV |
| Plaintiffs, | ) ) ) | ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiffs' complaint alleges various claims against the government under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, ("FTCA") arising out of the arrest and imprisonment of Bonita Buxton by tribal law enforcement officers and other officials of the Oglala Sioux Tribe. (Docket 4). The United States moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or failure to state a claim under Rule 12(b)(6). (Docket 14). Alternatively, the government moved for summary judgment pursuant to Rule 56. (Docket 20). The court referred the motions to Magistrate Judge Veronica L. Duffy for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket 31).

On April 1, 2011, Magistrate Judge Duffy filed a report and recommendation concluding that the government's motion for summary judgment shall be granted. (Docket 32). Plaintiffs timely filed objections to

the report and recommendation. (Dockets 34). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For the reasons stated below, plaintiffs' objections are overruled and the report and recommendation of the magistrate judge is adopted in its entirety.

## DISCUSSION

**A.    MAGISTRATE JUDGE'S FINDINGS OF FACT**

Plaintiffs did not object to the magistrate judge's findings of fact. See Docket 34. The magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

**B.    MAGISTRATE JUDGE'S CONCLUSIONS OF LAW**

Plaintiffs' objections to the magistrate judge's conclusions of law and recommendations are summarized as follows:

    1.  The magistrate judge erred in concluding:

        A.  The Oglala Sioux Tribe ("OST"), as a Pub. L. 93-638 contractor ("638 contractor") may not be held independently responsible for the operation of the OST jail, separate and apart from the negligence of its employees.

2

      B.      The claims of negligence in the operation of the jail were not separate from plaintiffs' claim of false imprisonment.

2. The magistrate judge failed to address separate claims related to the conditions of confinement which plaintiff Bonita Buxton allegedly experienced.

3. The magistrate judge erred in concluding the tribal officers were not certified officers of the United States within the meaning of 28 U.S.C. § 2680(h).

(Docket 34).  Each of these objections will be addressed separately.

**1(A)      The magistrate judge erred in concluding OST, as a 638 contractor, may not be held independently responsible for the operation of the OST jail, separate and apart from the negligence of its employees.**

Magistrate Judge Duffy properly concluded that "[u]nder the FTCA, the government enacted a limited waiver of its own sovereignty for certain negligent acts of its employees carried out in the course and scope of their employment with the government." (Docket 32 at p. 14) (referencing United States v. Orleans, 425 U.S. 807, 813 (1976)).  The FTCA specifically restricted jurisdiction of the federal district court to those "claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment, under circumstances where the United States, if a private person, who be liable to the claimant . . . ." 28 U.S.C. § 1346(b)(1).

3

Section 1346(b)(1) creates a limited waiver of federal government sovereign immunity.  St. John v. United States, 240 F.3d 671, 675 (8th Cir. 2001).  The FTCA is "strictly limited to a scope of employment analysis, regardless of state law doctrines of respondeat superior and apparent authority."  Id. at 676.  Plaintiffs' objection refers the court back to plaintiffs' memorandum in opposition to defendant's motion to dismiss and for summary judgment.  See Docket 34 at p. 1.  However, plaintiffs fail to cite any case, in the Court of Appeals for the Eighth Circuit or elsewhere, which recognizes FTCA liability of a 638 contractor where the contractor's employees' conduct is specifically excluded from coverage under the FTCA.  (Docket 23 at pp. 2-5).  The FTCA was never intended to grant an independent cause of action against a 638 contractor, separate and apart from a claim of negligent conduct by an employee of the 638 contractor.

The defendant's objection to the report and recommendation on this basis is overruled.

**1(B)     The magistrate judge erred in concluding the claims of negligence in the operation of the jail were not separate from plaintiffs' claim of false imprisonment.**

Plaintiffs' objection argues "many if not all claims of negligence in the operation of the jail were separate negligent wrongs from any claim of false imprisonment."  (Docket 34 at p. 1).  "The conduct of the defendants [in the operation of the OST jail] was negligent and violated the minor's rights

4

under the Indian Civil Rights Act, 25 USC 1302." (Docket 4 ¶ 5). "The action and conduct of defendants violated the rights of plaintiff Bonita Buxton under the Indian Civil Rights Act, 25 USC 1302, including 1302 (2) (issue warrants without probable cause); 1302 (6) (trial); 1302 (7) (cruel and inhuman punishment); and 1302 (8) (due process and equal protection)." Id. ¶ 37. Plaintiffs argue these allegations provide subject matter jurisdiction even though plaintiffs' claim of false imprisonment is an exception from the limited jurisdiction granted to a federal district court under the FTCA. (Docket 34 at p. 1).

The Indian Civil Rights act, 25 U.S.C. § 1302 *et seq.*, does not provide a private cause of action for money damages. (Docket 32 at p. 27) (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49 (1978)). "The only remedy available in federal district court under the Indian Civil Rights Act is a writ of habeas corpus." Mousseaux v. United States Commissioner of Indian Affairs, 806 F. Supp. 1433, 1436 (D.S.D. 1992) (citing Runs After v. United States, 766 F.2d 347, 353 (8th Cir.1985) (citing Santa Clara Pueblo, 436 at 64. "Actions seeking remedies other than a writ of habeas corpus for civil rights deprivations at the hands of tribal government must be pursued in tribal forums." Id. at 1437. "The [Indian Civil Rights Act] is directed not at the federal government, but rather at Indian tribes." Wopsock v. Natchees,

5

454 F.3d 1327, 1333 (Fed. Cir. 2006).  "Thus it does not impose duties upon the federal government or its officials."  Id.

The defendant's objection to the report and recommendation on this basis is overruled.

### 2. The magistrate judge failed to address separate claims related to the conditions of confinement which plaintiff Bonita Buxton allegedly experienced.

Plaintiffs' objection seeks separate consideration from the claims of false arrest and false imprisonment for plaintiff Bonita Buxton's emotional distress allegations associated with her confinement at the OST Jail. (Docket 34 at p. 1).  Plaintiffs rely on their argument at pages 13 and 14 of plaintiffs' memorandum in resistance to defendant's motion to dismiss and for summary judgment.  Id. at p. 2.  Those claims in plaintiffs' view include the following:

> [F]ailing to provide notice to either Bonita or her mother of the fact of incarceration, scheduled court hearings, or notice of the charges, complaint . . . ; incarceration in unhealthy, unsanitary, and unsafe conditions . . . ; infliction of emotional distress by dissuading her to have any contact with her adoptive family and not allowing her to speak to her mother until three months after she had been incarcerated, informing her that she could be kept incarcerated as long as they wanted . . . ; failure to have any hearings whatsoever for six months once she was incarcerated . . . ; conditioning her release upon agreement by the Tribal President . . . ; ignoring numerous and repeated requests by her probation officer . . . ; ignoring requests by Bonita Buxton as to what was going to happen to her . . . ; and refusal to make inquiries or contacts with South Dakota . . . . (incarcerat[ion] in unkempt and unsanitary conditions; prohibit[ing Bonita] from

6

> continuing her education and going to school; and infliction of physical, psychological, and emotional injury).

(Docket 23 at pp. 13-14).

The magistrate judge specifically addressed these claims in the report and recommendation. See Docket 32 at pp. 23-26 (negligence & infliction of emotional distress) & 27-29 (ICRA & violations of the United States Constitution). The magistrate judge analyzed these negligence and infliction of emotional distress claims and concluded they were based on the same tribal officer conduct which was specifically excluded from FTCA coverage under § 2680(h). Id. at p. 26. "[Section] 2680(h) does not merely bar claims for [intentional acts]; it excludes any claim arising out of [the intentional acts]." Trujillo v. United States, 313 F. Supp. 2d 1146, 1152 (D.N.M. 2003) (internal citation and quotation marks omitted). "Plaintiffs cannot turn an intentional tort into negligence conduct by a turn of a phrase-by merely labeling the conduct as negligence." Id. "The nature of Plaintiffs' claims are properly determined by focusing not on the label Plaintiffs use, but on the conduct upon which the allegations are premised." Id.

The complaint's principal language frames plaintiffs' allegations as false arrest, malicious prosecution or abuse of process. See Docket 4 ¶ 5 ("kept [Bonita Buxton] incarcerated . . . for . . . six months even though she had committed no offense and there were no grounds or reasons to keep her confined."); ¶ 17 ("There were no grounds to arrest or otherwise take Bonita

7

Buxton into custody"); ¶ 37 ("The action and conduct of defendants violated . . . the Indian Civil Rights Act . . . issu[ing] warrants without probable cause. . . cruel and inhuman punishment . . . and [violation of] due process and equal protection . . . ."). Coupled within this framework are the allegations of "cruel and inhuman punishment" and violation of Ms. Buxton's "due process and equal protection" rights. See Docket 4 ¶ 39 ("As a direct and proximate cause of the joint and several actions and conduct of defendants as set forth above, [Bonita Buxton] was incarcerated for six months and deprived of her freedom; incarcerated in unkept and unsanitary conditions; restrained from continuing her education and schooling; inflicted with physical, psychological, and emotional injury . . . ; and prevented from working . . . ."). See also (Docket 23 at pp. 13-14).

These allegations are all encompassed within the intentional torts of false arrest, malicious prosecution, or abuse of process. "The Federal Tort Claims Act's waiver of sovereign immunity does not apply to [a]ny claim arising out of [intentional acts] . . . . [n]o semantical recasting of events can alter the fact that the [intentional act] was the immediate cause of [claimant's injuries] and, consequently, the basis of [claimant's] claim." United States v. Shearer, 473 U.S. 52, 54-55 (1985) (internal quotation marks omitted).

8

The court already addressed plaintiffs' Indian Civil Rights Act claims under objection 1(B) and that analysis need not be restated here.  The magistrate judge properly concluded "the FTCA cannot provide a basis for Buxtons' federal *constitutional* claims."  (Docket 32 at p. 28) (emphasis in original).  Section 2679(b)(2)(A) of the FTCA "does not extend or apply to a civil action against an employee of the government . . . which is brought for a violation of the Constitution of the United States . . . ."  28 U.S.C. § 2679(b)(2)(A).  Plaintiffs cannot convert a Bivens[1] claim into a FTCA claim so as to hold the United States liable for damages for the constitutional torts of federal employees.  "However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit."  Bivens, 403 U.S. at 410 (Harlan, J., concurring in judgment).  "No statute expressly declared the FTCA remedy to be a substitute for a Bivens action . . . ."  Bush v. Lucas, 462 U.S. 367, 378 (1983).  Plaintiffs' allegations of "cruel and inhuman punishment" and violation of "due process and equal protection" rights are clearly excluded from the FTCA.  28 U.S.C. § 2679(b)(2)(A).

The plaintiffs' objection to the report and recommendation on this basis is overruled.

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) (a plaintiff is entitled to recover money damages against federal officers for the violation of plaintiff's Fourth Amendment rights).

### 3. The magistrate judge erred in concluding the tribal officers were not certified officers of the United States within the meaning of 28 U.S.C. § 1680(h).

Plaintiffs' objection challenges the magistrate judge's conclusion that the tribal officers were not certified officers of the United States within the "exception to the exception" of 28 U.S.C. § 2680(h). (Docket 34 at p. 2). Plaintiffs provided neither the magistrate judge nor the court with any legal authority to support their objection. See Dockets 32 at p. 18; 34 at p. 2; and 36 at p. 1.

The magistrate judge found "[p]laintiffs have not asserted facts which would contravene or create a disputed issue of fact regarding whether the OST employees or officers involved in this case ever held Special Law Enforcement Commissions from the BIA that would qualify them as 'investigative or law enforcement officers of the United States Government.' " (Docket 32 at p. 16). The magistrate judge also concluded "that none of the tribal actors involved in Bonita's arrest and detention were federal investigative or law enforcement officers as contemplated by the second part of § 2680(h)." Id. at p. 22. Buxtons did not present any evidence to the magistrate judge to dispute this conclusion. See id. at pp. 16 and 22.

Plaintiffs argue the tribal law enforcement officers were federal law enforcement officers because they were federal employees under the Indian Self-Determination Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450 *et*

10

*seq.,* as amended by Public Law No. 101-512, with authority to conduct tribal searches and make arrests for violations of tribal law. (Docket 23, pp. 9-10). Plaintiffs' argument fails to acknowledge that a separate process exists for conferring federal law enforcement authority on tribal police officers. See Docket 32 at p. 18 (referencing 25 C.F.R. § 12.21). "Tribal law enforcement officers operating under a BIA contract or compact are not automatically commissioned as Federal officers; however, they may be commissioned on a case-by-case basis." 25 C.F.R. § 12.21(b). The court agrees that "[i]f all tribal police were automatically rendered federal law enforcement officers by virtue of [ISDEAA], there would be no need for a separate process to confer such status." (Docket 32 at p. 18).

"Nothing in the ISDEAA, or in relevant case law, suggests that the mere existence of a Public Law 93-638 contract between BIA and a tribe for the provision of law enforcement services automatically confers federal law enforcement authority upon the officers in tribal police departments. Absent the power to enforce federal law, tribal officers are not federal investigative or law enforcement officers." Trujillo, 313 F. Supp. 2d at 1150. The tribal law enforcement officers were not "officer[s] of the United States who [are] empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law" so as to come within the "exception within the exception" of 28 U.S.C. § 2680(h).

11

The plaintiffs' objection to the report and recommendation on this basis is overruled.

## CONCLUSION

Based on above analysis, is hereby

ORDERED that plaintiffs' objections to the report and recommendation (Docket 34) are overruled.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 32) is adopted by the court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 20) is granted and defendant's motion to dismiss (Docket 14) is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' complaint (Docket 4) is dismissed with prejudice.

Dated September 28, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE